UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CRAIG McCONLEY d/b/a McCONLEY AND ASSOCIATES | CIVIL ACTION NO. 05-1006-A |
| | JUDGE DRELL |
| -vs- | |
| | MAGISTRATE JUDGE KIRK |
| BOISE BUILDING SOLUTIONS MANUFACTURING, L.L.C., et al. | |

R U L I N G

Before the Court are the following motions: (1) Motion to Dismiss filed by Boise Building Solutions Manufacturing, L.L.C. (hereinafter "Boise" or "Defendant") (Doc. 19); (2) Motion to Dismiss filed by The Migues-Deloach Company, L.L.C. (hereinafter "MDC" or "Defendant") (Docs. 20 and 24); (3) Motion for Remand (together with a request for attorney's fees and costs) filed by Craig McConley d/b/a McConley and Associates (hereinafter "McConley" or "Plaintiff") (Doc. 25); (4) Motion to Dismiss Plaintiff's First Amended and Restated Petition/Complaint filed by Boise (Doc. 33); and (5) Motion to Dismiss Plaintiff's First Amended and Restated Petition/Complaint filed by MDC (Doc. 36). Written oppositions have been filed, and oral argument has been heard. Having reviewed the parties' pleadings and oral arguments and applicable case law, Defendants' Motions to Dismiss will be GRANTED IN PART and DENIED IN PART. For all

claims not dismissed, Plaintiff's Motion to Remand will be GRANTED, except that

Plaintiff's request for attorneys fees and costs will be DENIED.

I.      Factual Background

Mr. McConley is an architect licensed under the laws of the State of

Louisiana.  (Doc. 42).[1]  In December 2002, he sent architectural drawings and

construction documents, which he designed, to Sam Laprarie, a Boise employee.

(Doc. 42).  The drawings were Mr. McConley's design proposal for a two-story,

6,200 square foot office building.  MDC also proposed a design.  (Doc. 25).  MDC

and Mr. McConley's plans were submitted to Boise under the  design/build

paradigm for building construction.  (Doc. 25).  According to the record, this

approach to building design involves

> [O]ne or more groups possessing both the expertise to design and
> build the desired project making a joint "hard dollar" proposal to the
> owner for both the design and construction components.  If the
> owner can not [sic] afford the project, it will not incur costs
> associated with architectural fees and related pre-construction
> costs. (Doc. 25).

Under this system, if Mr. McConley's proposal was rejected, Boise would not pay

him for his plans.  (Doc. 31).  However, according to Plaintiff, if Boise used

Mr. McConley's design, and Plaintiff alleges Boise did, Boise would be required

to compensate Mr. McConley for his costs.  (Doc. 31).

---

[1] Since Defendants are awaiting the disposition of their pending motions before filing
answers to Plaintiff's Petition and First Amended and Restated Petition, all facts are set forth as
the Plaintiff alleges they occurred.  The Court does not adopt these facts as true.

Mr. Laprarie informed Mr. McConley that Boise lacked sufficient funds to construct the planned office complex, but the project "would be his" when funding became available. (Doc. 42). On February 10, 2004, pursuant to an earlier request made by Mr. Laprarie, Mr. McConley provided Boise with updated architectural plans and drawings for the same building. (Doc. 42). This second set of plans and drawings included the following notice: "THESE DRAWINGS AND THE DESIGN THEREIN ARE THE EXCLUSIVE PROPERTY OF CRAIG McCONLEY. ANY USE OR REPRODUCTION WITHOUT THE EXPRESS WRITTEN CONSENT OF CRAIG McCONLEY WILL RESULT IN LEGAL ACTION." (Doc. 42). Mr. McConley has never filed for copyright protection for his plans. (Doc. 25). Before Mr. McConley was notified that he had been awarded the job, he became aware that contracting firms had access to and possession of his submitted plans, in violation of the notice contained on those plans. (Doc. 42). Mr. Laprarie and Wendell Deloach of MDC contacted Mr. McConley and told him MDC had been awarded the project. (Doc. 42). Plaintiff alleges that MDC secured "virtually identical plans one month later from Cook, a draftsman, who had Lyle Bergeron, an Alexandria architect, stamp the plans." (Doc. 25). Because Plaintiff claims the architectural plans and specifications used for the building are "virtually identical in all respects to those prepared by *McConley,* except for a small addition at the direction of *Boise,*" Mr. McConley sent an invoice to Boise seeking compensation

for the fair value of his architectural services. (Doc. 42). Defendants neither paid Mr. McConley nor returned his drawings.

II.     Procedural Background

Plaintiff filed suit against Defendants Boise, MDC, and Cook in the Ninth Judicial District Court, Rapides Parish, Louisiana, on February 11, 2005. (Doc. 1). He brought claims against Boise for breach of contract or implied contract, against MDC and Cook for misappropriation and conversion, and against all Defendants for unjust enrichment and conspiracy. (Doc. 1). On June 10, 2005, all Defendants removed the action to this court, asserting jurisdiction is proper under 28 U.S.C. §§ 1331, 1338, and 1441(b). (Doc. 6). Defendants claim we have jurisdiction over this case because it is a "civil action arising under an Act of Congress relating to copyrights" and Plaintiff's claims are preempted under 17 U.S.C. § 301(a).

After removing the case to federal court, Boise and MDC filed separate Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docs. 19 and 20). Both parties maintain Mr. McConley's petition must be dismissed because his state law claims are fully preempted by federal copyright law, 17 U.S.C. § 301, and, because he has not submitted to the United States Copyright Office a proper and complete application for copyright registration of his architectural plans and drawings at issue, the Court lacks subject matter jurisdiction over his claims. (Docs. 19 and 20). In the alternative, Boise alone asserts that even if Mr. McConley's breach of contract claim is not preempted by

4

the Copyright Act, we have jurisdiction over the claim pursuant to our 28 U.S.C. § 1367(a) supplemental jurisdiction powers.  (Doc. 19).

Following removal, Mr. McConley filed a Motion to Remand his case to state court.  (Doc. 25).  Mr. McConley claims the removal was improper because his state law claims are not preempted by § 301; this court does not possess original jurisdiction over the case pursuant to 28 U.S.C. § 1338; and the court should not exercise its supplemental or pendent jurisdiction.  (Doc. 25).  Plaintiff asks that we remand the case to state court because the dispute is not one involving copyright, but is simply a fee dispute stemming from Boise's failure to pay for Mr. McConley's plans and drawings prior to using them.  (Doc. 31). Contemporaneous with the Motion to Remand, Mr. McConley filed his First Amended and Restated Petition/Complaint to add claims for violation of the Louisiana Trade Secrets Act and the Louisiana Unfair Trade Practices and Consumer Protection Law and for breach of fiduciary duty against all Defendants. (Doc. 42).

III.    Law and Analysis

        A.    Remand

When opposing a motion to remand, the defendant bears the burden to demonstrate that federal jurisdiction is appropriate.    Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 397 (5th Cir. 1998).  Here, Defendants claim jurisdiction in this court is proper pursuant to 28 U.S.C. §§ 1331, 1338, and 1441(b).

28 U.S.C. § 1331 gives district courts original jurisdiction over all matters arising under the laws of the United States, such as the Copyright Act. 28 U.S.C. § 1338(a) gives federal district courts original and exclusive jurisdiction over civil actions arising under any Act of Congress relating to copyrights. Finally 28 U.S.C. § 1441(b) allows removal of any civil action over which the federal district court has original jurisdiction because the action arose under the laws of the United States, such as the Copyright Act. Defendants likewise maintain this court has original and *exclusive* jurisdiction over this case because it is a "civil action arising under an Act of Congress relating to copyrights and plaintiff's claims are preempted under 17 U.S.C. § 301(a)." (Doc. 6). For us to determine whether we have jurisdiction in this case, we must first investigate whether Plaintiff's claims are preempted by federal copyright law.

B.    Preemption

Defendants claim Plaintiff's causes of action must be dismissed because they are preempted under 17 U.S.C. § 301 and Plaintiff has not registered his plans and drawings. 17 U.S.C. § 301 provides the baseline, thus:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in the works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

Copyright protection is specifically provided to "architectural works" by 17 U.S.C. § 102(a)(8). Therefore, federal copyright laws exclusively govern all legal and equitable rights surrounding architectural works.

Plaintiff counters that the issue before the Court is not a copyright issue, but is simply a fee dispute. (Doc. 31). Mr. McConley asserts his claim would exist even if his plans and drawings had not been distributed and copied because defendant's *use* of the plans and drawings, and not the *copying*, entitles him to payment for them. (Doc. 31). Therefore, according to Plaintiff, since the case only involves a fee dispute, it is not preempted by the Copyright Act.

The Fifth Circuit has developed a two-part test for courts in analyzing § 301 preemption claims. A court using this test must examine the cause of action to determine if it (1) "falls within the subject matter of copyright" and (2) "protects rights that are equivalent to any of the exclusive rights of federal copyright, as provided in 17 U.S.C. § 106." Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc., 220 F.3d 396, 404 (5th Cir. 2000)(quoting Daboub v. Gibbons, 42 F.3d 285, 289 (5th Cir. 1995)(internal quotation marks omitted)). The parties do not appear to dispute that the first element is satisfied. 17 U.S.C. § 102(a)(8) is clear that architectural works fall within the purview and protection of the Copyright Act.

The parties do disagree , however, as to whether Plaintiff's claims meet the second part of the preemption test. Before examining each cause of action to

determine whether the claims asserted seek to protect rights equivalent to those protected by federal copyright laws, we venture first into a prototypical case under the Copyright Act, an infringement claim. Asunto v. Shoup, 132 F.Supp. 2d 445, 451 (E.D. La. 2000). A typical copyright infringement claim requires the plaintiff to show two elements: (1) ownership of the copyrighted material and (2) copying by the defendant. Computer Management Assistance Co., 220 F.3d at 400. Therefore, if the subject of Plaintiff's complaint is subject matter appropriate for protection under the act and the mere act of reproduction, distribution or display forms the basis of plaintiff's complaints, then the right is equivalent and the claims preempted. Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir. 1990).

To determine whether a state law claim is equivalent to one provided for in the Copyright Act, the Fifth Circuit relies on the "extra element" test.

> According to this test, if the act or acts of [the defendant] about which [the plaintiff] complains would violate both [state] law and copyright law, then the state right is deemed equivalent to copyright. If, however, one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie within the general scope of copyright, and pre-emption does not occur.

Computer Mgmt. Assistance Co., 220 F.3d at 404 (quoting Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d 772, 790 (5th Cir. 1999)(internal quotations omitted). Phrased another way, "[a] right is equivalent if the mere act of reproduction, distribution or display infringes it." Taquino, 893 F.2d at 1501(citing 17 U.S.C.

§ 106).  Therefore, § 301 of the Copyright Act does not have the effect of preempting every case that potentially involves copyright laws.  Dorsey v. Money Mack Music, Inc., 304 F.Supp.2d 858, 867 (E.D. La. 2003).  Rather, only those claims that do not meet the "extra element" test are preempted because the nature of the action is not qualitatively different from a copyright infringement claim.  Dorsey, 304 F.Supp.2d at 867.

      1. BREACH OF CONTRACT

Mr. McConley claims Boise distributed his plans and drawings without his consent and in contravention of the contract or implied contract between Boise and himself.  (Doc. 42).  Courts in the Fifth Circuit have consistently concluded that a legitimate breach of contract action defeats preemption.  See Taquino, 893 F.2d at 1501; Dorsey, 304 F.Supp.2d at 865; Asunto, 132 F.Supp. 2d at 452; Crooks v. Certified Computer Consultants, Inc., 92 F.Supp.2d 582, 587 (W.D. La. 2000); Baptiste v. Khoury, 910 F.Supp. 277, 279 (W.D. La. 1996).  "The promise that is implicit in every contract, but is not necessary in an infringement action provides the extra element that precludes pre-emption under § 301."  Asunto, 132 F.Supp.2d at 452.  However, because Mr. McConley's breach of contract claim arises as a result of an alleged *distribution* of his plans and drawings, the very subject the Copyright Act addresses, we do not think this precedent applies. Instead, we follow the path taken by the court in Johnson v. Tuff-N-Rumble Mgmt., Inc., No. 02-1734, 2002 WL 31819167 (E.D.La. Dec. 13, 2002). The Johnson,

9

court examined several New York district court cases and wrote: "[a] breach of contract claim is preempted when the claim arises directly from the [Copyright Act] and resolution of the central issue in [the] case depends upon the application of [the] statutory definition" of the Copyright Act. Johnson, 2002 WL 31819167, at 3 (internal quotation marks omitted)(see also cases cited therein).

Mr. McConley's claim involves plans and drawings subject to copyright protection and the mere act of distribution forms the basis of his breach of contract claim. Resolving whether Mr. McConley has a meritorious breach of contract claim would plunge us into the Copyright Act to determine whether Boise did copy his plans. In short, Mr. McConley's breach of contract claim cannot be resolved without applying the Copyright Act. Therefore, we find Plaintiff's claim for breach of contract is preempted by § 301. In 2004, 17 U.S.C. 411(a) provided that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." Since Plaintiff has not registered his plans and drawings, no action for a copyright violation of those documents can be instituted and Mr. McConley's breach of contract claim must be dismissed, but without prejudice.

2. UNJUST ENRICHMENT/QUANTUM MERUIT

Mr. McConley claims Defendants are liable to him under the equitable principles of unjust enrichment and/or quantum meruit because they have been

10

enriched at his expense. (Doc. 42). Presumably, he alleges they have been enriched by using his designs without paying him. As a general rule, courts hold that unjust enrichment claims are qualitatively equivalent to a cause of action for copyright infringement and are preempted by the Copyright Act. See Dorsey, 304 F.Supp. 2d at 865; Asunto, 132 F.Supp. 2d at 453. However, when the core of Plaintiff's complaint stems from breaches of contractual and fiduciary duties, his claims are "in reality a further explanation of the damages that [plaintiff] intends to prove arising from the breach of contract", which has been sufficiently unique to survive the extra element test. National Car Rental System, Inc. v. Computer Assoc. Int., Inc., 991 F.2d 426, 434-35 (8th Cir. 1993)(cited by Dorsey, 304 F.Supp. 2d at 865; Asunto, 132 F.Supp. 2d at 453). The National Rental System, Dorsey, and Asunto courts all found that the breach of contract claims before them were not preempted and, therefore, also determined that the unjust enrichment claims, which were simply part of the plaintiffs' alleged damages, were also not preempted. However, the matter before us does not entirely match these fact patterns.

First, whether we apply the general rule that unjust enrichment claims are usually preempted or consider the unjust enrichment claim an extension of Plaintiff's breach of contract claim, Plaintiff's claim for unjust enrichment is preempted as to Boise. His claim against MDC would also be measured against the general rule. Against MDC, Mr. McConley's claim is not one for damages

11

stemming from a breach of contract claim because Mr. McConley did not assert a breach of contract claim against MDC. However, his claim is one essentially alleging that he should be compensated because MDC improperly used and distributed his copyright-able work. There does not appear to be any additional element to his claim under the theories of unjust enrichment and quantum meruit. We find, then, that his claim against MDC is equivalent to one for copyright infringement and is preempted. As discussed above, pursuant to 17 U.S.C. § 411(a), and because Plaintiff has not registered his plans and drawings, Plaintiff's claims for unjust enrichment/quantum meruit against Boise and MDC must be dismissed.[2]

### 3. CONVERSION/MISAPPROPRIATION AND CONSPIRACY

Plaintiff claims MDC and Cook converted and misappropriated "the personal and proprietary property and design elements of *McConley's* plans and drawings for their personal use and benefit, despite the clear Notice" on the drawings. (Doc. 42). Generally, claims for conversion relate to tangible property and are immune from preemption. Asunto, 132 F.Supp.2d at 452. However,

---

[2] While we regret that dismissal of Mr. McConley's claims for breach of contract and unjust enrichment/quantum meruit removes two significant vehicles by which he might have received compensation if his plans were wrongfully copied, Mr. McConley's failure to attempt to receive copyright protection for his plans *at any time* leaves us with no other alternative. The Fifth Circuit allows a party to cure any jurisdictional defect created when § 411 has not been satisfied by registering the copyright-able material *after* the litigation has commenced. Positive Black Talk Inc. v. Cash Money Records Inc., 394 F.3d 357 (5th Cir. 2004). Even though these pending motions were filed nearly eight months ago, the record gives *no indication* that Plaintiff has attempted to obtain copyright protection for his plans. That said, the statute of limitations for a civil action under the Copyright Act is three years. 17 U.S.C. § 507. Dismissal of the claims at this point will be, therefore, without prejudice to a re-filing of an infringement action.

12

preemption applies if the theory of recovery is based on the wrongful copying, distribution and performance" of an interest subject to copyright protection. Id. To escape preemption, there must be evidence that the plaintiff was physically deprived of his property. Id. (citing Taquino, 893 F.2d at 1501). Although Mr. McConley's conversion claim is based on the alleged wrongful distribution of his plans and drawings, he also alleges that his plans and drawings have not been returned to him. Therefore, if his allegations are true, he has been physically deprived of his property and his claim, therefore, is not preempted and will be remanded.[3]

Plaintiff's conspiracy claim finds its foundation in his conversion/misappropriation claim. He asserts Defendants knowingly and intentionally acted together to misappropriate and convert his property without compensating him. (Doc. 42). Because we did not find Plaintiff's conversion/misappropriation claim to be preempted by the Copyright Act, we fail to see how Defendants engaging in the same behavior *together* causes the claim to be preempted. Therefore, Mr. McConley's conspiracy claim is also not pre-empted by the Copyright Act and will be remanded.

---

[3] Although Defendants encourage us to exercise our supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), we decline to do so. Under § 1367(a) a court with original jurisdiction over some claims may exercise its supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Because exercising such jurisdiction is discretionary and because we are dismissing the claims over which we have original jurisdiction, we do not think it is appropriate for us to retain Plaintiff's remaining claims, thereby overriding his choice of forum.

4. VIOLATIONS OF THE LOUISIANA TRADE SECRETS ACT

Mr. McConley claims his plans are a trade secret under the Louisiana Uniform Trade Secrets Act and Defendants' actions constituted "misappropriation" by "unlawful means" in violation of the notice contained thereon. (Doc. 42). The statutory definitions for "misappropriation" and "improper means"[4] make reference to the maintenance or use of secrets. La. Rev. Stat. § 51:1431(1)(2). Claims for violations of trade secrets, which are based on confidential relationships or breaches of fiduciary duties, are generally not preempted because the special relationship between the parties to a trade secret is considered an additional element removing the cause of action from the Copyright Act's grasp. See Brown v. Ames, 201 F.3d 654, 661 n. 8 (5th Cir. 2000); Computer Assn. Intern, Inc. v. Altai, Inc., 982 F.2d 693 (2nd Cir. 1992); Crooks v. Certified Computer Consultants, 92 F.Supp. 2d 582 (W.D. La. 2000). The Louisiana trade secret statute's requirement that a plaintiff show the existence of a trade secret is an additional element differentiating the Louisiana Uniform Trade Secrets Act from a copyright infringement claim such that Mr. McConley's claim for violation of the trade secret act is not preempted by copyright law and the matter will be remanded to state court.

---

[4] Although Plaintiff's Amended Complaint refers to "unlawful means," his citation to the statute, which defines the term "improper means," but not "unlawful means," indicates to us that he intended to use the term "improper means."

14

C.    Remaining Claims

Plaintiff's remaining claims are clearly state law claims and are not preempted.  See Dorsey, 304 F.Supp. 2d at 865 ("breach of fiduciary duty is qualitatively different from a copyright infringement claim");  Computer Management Assistance Co., 220 F.3d at 404-05 (claims under the Louisiana Unfair Trade Practices Act (LUTPA) are not preempted because to be successful under LUTPA, a plaintiff must prove fraud, misrepresentation, or other unethical conduct by the defendant, all elements which a plaintiff bringing a claim under the Copyright Act does not have to show).  Therefore, his claims for breach of fiduciary duty and violations of LUTPA will be remanded as well.

IV.    Conclusion

For the reason's listed above, Defendant Boise's Motions to Dismiss (Docs. 19 and 33) are GRANTED as to the following claims:  breach of contract and unjust enrichment/quantum meruit.   These claims are dismissed without prejudice.  Defendant Boise's Motions to Dismiss (Docs. 19 and 33) are DENIED as to the following claims:  conspiracy; violations of the Louisiana Trade Secrets Act; breach of fiduciary duty; and claims under the Louisiana Unfair Trade Practices Act.  Defendant MDC's Motions to Dismiss (Docs. 20, 24, and 36) are GRANTED as to the following claim: unjust enrichment/quantum meruit.  This claim is dismissed without prejudice.  Defendant MDC's Motions to Dismiss (Docs. 20, 24, and 36) are DENIED as to the following claims:  conversion/

misappropriation; conspiracy; violations of the Louisiana Trade Secrets Act; breach of fiduciary duty; and claims under the Louisiana Unfair Trade Practices Act.

Plaintiff Craig McConley's Motion for Remand is GRANTED as to the following claims: conversion/misappropriation, conspiracy, violations of the Louisiana Trade Secrets Act; breach of fiduciary duty, and claims under the Louisiana Unfair Trade Practices Act. Plaintiff Craig McConley's Motion for Remand is DENIED as to the following claims: breach of contract and unjust enrichment/quantum meruit. Plaintiff's request for attorney's fees and costs is DENIED.

SIGNED on this 21st day of March, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge